ORIGINAL


**FILED**

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0229

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0229

SISTER MARY JO MCDONALD; LORI MALONEY;
FRITZ DAILY; BOB BROWN; DOROTHY
BRADLEY; VERNON FINLEY; MAE NAN
ELLINGSON; and the LEAGUE OF WOMEN
VOTERS OF MONTANA,

        Plaintiffs and Appellees,

    v.

CHRISTI JACOBSEN,
Montana Secretary of State,

        Defendant and Appellant.

FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

    Defendant and Appellant Christi Jacobsen, Montana Secretary of State, via counsel, has moved to disqualify the Chief Justice and the six Associate Justices of this Court from hearing this appeal. Plaintiffs and Appellees Sister Mary Jo McDonald, Lori Maloney, Fritz Daily, Bob Brown, Dorothy Bradley, Vernon Finley, Mae Nan Ellingson, and the League of Women Voters of Montana oppose Jacobsen's motion.

    This appeal involves a constitutional challenge to HB 325 which, if approved by voters, would change how Montana Supreme Court Justices are elected. In *Reichert v. State*, 2012 MT 111, 365 Mont. 92, 278 P.3d 455, this Court considered the same issue when the State appealed from a district court order that directed the decertification of a legislative referendum that likewise sought to change how Montana Supreme Court Justices are elected. The Court concluded that the fact that the Justices could potentially run for reelection did not establish that their impartiality might reasonably be questioned. *Reichert*, ¶ 50. The Court thus concluded that recusal was not warranted. *Reichert*, ¶ 51.

    We recently reaffirmed *Reichert's* reasoning, relying on it in part in denying the Legislature's motion for disqualification of all Justices in *McLaughlin v. Mont. State*

*Legislature*, 2021 MT 120, 404 Mont. 166, 489 P.3d 482, a case involving the Judicial Branch's Court Administrator. In *McLaughlin*, we relied on § 2.7 of the Montana Code of Judicial Conduct and on the "Rule of Necessity," which applies "[w]hen the matter to be decided affects the interests of every judge qualified to hear it[.]" *McLaughlin*, ¶ 14. We explained that "implicit in the Rule is the concept of the absolute duty of judges to hear and decide cases within their jurisdiction and that 'actual disqualification of a member of a court of last resort will not excuse such member from performing his official duty if failure to do so would result in denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated.'" *McLaughlin*, ¶ 14 (citations omitted).

We have determined that *Reichert* and *McLaughlin* govern the outcome of the present motion. For the same reasons that disqualification of the Justices of this Court was not warranted in those cases, it is not warranted here. As we noted in *Reichert*, "the potential" that any given member of this Court could seek re-election and "the potential" that a district judge called in to substitute also could decide to run for the Supreme Court meant that "no judge in this state—indeed, no otherwise qualified person with "the potential" to run for Supreme Court justice—could sit on [the] case," thereby invoking the Rule of Necessity. *Reichert*, ¶ 37. That "potential" also did not amount to the "direct, personal, substantial, and pecuniary" interest requiring disqualification. *Reichert*, ¶ 38 (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825-26, 106 S. Ct. 1580, 1587-88 (1986)). The same holds true here.

Because we have determined that disqualification of the Justices is unnecessary, we need not reach Jacobsen's argument that certain District Court Judges should be excluded from the pool of potential replacement judges.

Furthermore, on May 26, 2022, Jacobsen moved for leave to file a reply to her motion to disqualify and subsequently filed an amended motion for leave to file a reply because the first filing apparently failed to comply with M. R. App. P. 16(1). Under M. R. App. P. 16(3), no reply to a motion shall be filed. In this instance, Jacobsen already requested, and was granted, leave to file an overlength motion that was more than triple

2

Rule 16's 1,250-word limit. She now requests up to an additional 1,500 words in reply. We do not believe such filing is warranted or necessary.

THEREFORE,

IT IS ORDERED that Jacobsen's Motion to Disqualify is DENIED.

IT IS FURTHER ORDERED that Jacobsen's Amended Motion to File Reply is DENIED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 14 day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices